**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

U.S. DIST. COURT CLERK
EAST DIST. MICH.
FLINT
2005 JUN 22 P 3: 27

FILED

DENISE BOHN-MORTON,

    Plaintiff,

vs.    CIVIL NO.: 04-CV-72105-DT

COMMISSIONER OF    HON. GERALD E. ROSEN
SOCIAL SECURITY,    MAG. JUDGE WALLACE CAPEL, JR.

    Defendant.
_____/

## REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is recommended that the Court grant Plaintiff's Motion for Summary Judgment in part, deny Defendant's Motion for Summary Judgment, and remand this case for proceedings consistent with this Report.

### II.    REPORT

This is an action for judicial review of the Defendant Commissioner's final decision denying Plaintiff's application for supplemental security income ("SSI"). Plaintiff protectively filed for benefits on August 26, 1996, alleging disability due to back/neck pain, an adjustment disorder with anxiety and depressed mood, and a personality disorder. (TR 16). The Social Security Administration ("SSA") denied benefits initially and upon reconsideration. (TR 13-15). A de novo hearing was held on October 2, 1998, before Administrative Law Judge ("ALJ") John A. Ransom. (TR 30-64). In a decision dated October 29, 1998, the ALJ found that although Plaintiff was unable to perform her past relevant work, she retained the residual functional capacity ("RFC") to perform

1

a limited range of unskilled light work. (TR 16-27). Accordingly, the Plaintiff was found not disabled. Id. The Appeals Council denied review, and Plaintiff commenced this action for judicial review.[1]

Plaintiff filed a Motion for Summary Judgment on December 22, 2000.[2] On February 12, 2001, Defendant filed its Motion for Summary Judgement.[3] Thereafter, Plaintiff filed a Response on February 21, 2001.[4] On September 6, 2001, the undersigned issued a Report and Recommendation, (TR 399-423), reading in relevant part that:

> ALJ Ransom's adverse decision was deprived of substantial evidentiary support at Step Five solely because of the failure to incorporate his non-exertional findings regarding Plaintiff's deficits of concentration, persistence and pace into the hypothetical posed to the VE. See Varley, 820 F.2d [777] 782 [(6th Cir. 1987)]. All other essential factual issues have been resolved. . . . Therefore, this case should be remanded to allow the ALJ to question the VE to determine whether or not a substantial number of suitable jobs exist when Plaintiff's exertional and non-exertional limitations are adequately accounted for at Step Five.[5]

(TR 421-22). On September 28, 2001, Judge Patrick J. Duggan entered a Judgment denying Defendant's Motion for Summary Judgment and granting in part Plaintiff's Motion for Summary Judgement, and remanding the case for further proceedings as outlined in the undersigned's Report and Recommendation.[6] (TR 425-26).

---

[1] The following docket entries for the original civil action in this case can be found under 00-CV-73709-DT.

[2] [Docket Entry No. 12].

[3] [Docket Entry No. 16].

[4] [Docket Entry No. 17].

[5] [Docket Entry No. 18].

[6] [Docket Entry No. 19].

A second de novo hearing was held on May 3, 2002, before ALJ John A. Ransom.[7] (TR 505-19). In a subsequent decision dated January 30, 2003, the ALJ found that Plaintiff could perform light work. (TR 383-89). Accordingly, Plaintiff was found not disabled. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied review on May 14, 2004. (TR 362-64). The Plaintiff commenced this action for judicial review.

### B. MEDICAL EVIDENCE

Examinations of the parties' cross-motions for summary judgment reveal that an additional recitation of the Plaintiff's medical evidence would be repetitive. The pertinent record medical evidence relied upon by this Court is fully articulated in the Analysis.[8]

### C. VOCATIONAL EXPERT'S TESTIMONY

Pauline McEachin, a vocational expert [VE], testified at the May 3, 2002, hearing. (TR 508-19). Plaintiff's attorney referenced the hypothetical from the previous hearing on October 2, 1998. (TR 507). The hypothetical included light work with no repetitive bending, twisting, turning, squatting, or kneeling; no crawling, crouching, stooping or climbing; no working around unprotected heights or moving machinery; no overhead work; no repetitive arm movement; no work above table height; standing for a half hour at a time, and sitting up to two hours at a time with a maximum of three to four hours each day. (TR 507-08). The VE identified the following positions: information clerk, 1,700 positions; visual inspector, 1,800 positions; security guard, 6,000 positions; as well as

---

[7] The hearing was originally scheduled for February 25, 2002, (TR 499-504), then rescheduled for May 3, 2002. (TR 505-19).

[8] See Subpart E, supra.

teacher's aid, 5,700 positions. (TR 509). The VE stated that these positions were unskilled and at the light exertion level. Id.

Plaintiff's counsel asked whether the visual inspection position would require a "certain amount of items to be inspected either per shipped, or per hour, or per day." (TR 510). The VE indicated that the position would require such things. Id. Plaintiff's counsel then inquired whether the information clerk would have to deal with the general public and whether the teacher's aid would be working in a classroom with children. Id. The VE answered affirmatively to both questions. Id. The VE indicated that the security guard positions varied between walking around and simply watching a security monitor. Id. The VE also indicated that although that expectation of productivity varies from job to job, "it would have to be at least 75 percent" of the time. Id.

Plaintiff's attorney then posed the following restrictions in addition to the initial hypothetical: moderate limited ability to perform activities within a schedule, maintain regular attendance, and maintain punctuality within customary tolerances. (TR 511). He then asked the VE whether "those type[s] of factors [would] affect one's ability to function in the workplace." Id. The VE indicated that the factors would affect one's ability to function in the workplace. Id.

Plaintiff's counsel then asked the VE whether additional factors would have a cumulative affect, such as,

> working in coordination with or proximity [sic] to others without being distracted by them to complete a normal workday and workweek without interruptions from psychologically based symptoms. To perform at a consistent pace without an unreasonable number and length of rest periods. To interact appropriately with the general public. And to accept instructions and respond appropriately to criticism from supervisors.

(TR 512). The VE responded that some of the factors would not affect a person's ability to do the jobs listed. (TR 512-13). For example, the visual inspector job would not require working around others or coordinating with others, although the same factors would affect the positions of teacher's aid and information clerk. (TR 513). The VE stated that there would still be other jobs that Plaintiff could do, but not with all the impairments. Id. However, the VE stated that it would be difficult to measure the cumulative affect of the impairments "because it would, one, it would depend on the job. And even though she has these, it wouldn't affect her ability to get a job. It wouldn't be - - it wouldn't affect her ability to actually become employed." Id. The VE then stated that she could not perform the jobs with all of the impairments together. (TR 513-14).

Plaintiff's counsel then asked the VE to disregard the additional factors, and instead assume the original hypothetical along with "problems with concentration, persistence, or pace that resulted in failure to complete tasks in a timely manner that occurred more than 25 percent of the time in a normal workday or workweek." (TR 514). The VE stated that such a limitation could possibly affect the jobs listed. (TR 515). The VE stated in response to further questioning that the additional limitations of difficulty with concentration and an inability to interact with the general public would likely preclude the position of teacher's aid. (TR 516).

The ALJ then questioned the VE. (TR 516-17). He asked the VE to assume the initial hypothetical with the non-exertional limitations. (TR 517). The ALJ then asked the VE to "add to that the restriction of simple and rote-type job tasks." Id. The VE stated that it would not impact any of the jobs he originally listed. Id.

### D.  ALJ'S CONCLUSIONS

After reviewing the testimony presented at the hearing and the medical evidence in the record, the ALJ found that claimant "has neck and back pain, adjustment disorder with depressed mood, chronic anxiety and a personality disorder, NOS." (TR 385). However, the ALJ found that although these impairments are severe, Plaintiff does not have an impairment either alone or in combination, sufficiently severe to meet or medically equal the criteria of any condition in the Medical Listings in Appendix 1, Subpart P, Regulations No. 4. (TR 385-88). The ALJ found Plaintiff not fully credible. Id. Thus, he determined that Plaintiff had the RFC to perform a significant range of light work. (TR 386-87, 388). Therefore, the ALJ concluded that Plaintiff is not eligible for disability. (TR 387-89).

### E.  ANALYSIS

Plaintiff advances two claims in her Motion for Summary Judgment. Her Motion argues that the ALJ's decision is not supported by substantial record evidence because: (1) the ALJ failed to accurately describe the Plaintiff's mental limitations in his hypothetical question, and (2) the ALJ erred in his medical assessment compared to that of the consultative examiner, Dr. Cappone, and that of Dr. Marshall.[9] In response, Defendant's Motion for Summary Judgment contends that the ALJ's decision is supported by substantial evidence.[10] The matter is now ready for decision.

---

[9] Plaintiff's Motion for Summary Judgment and Brief filed September 13, 2004 (hereinafter "Plaintiff's Brief"), at pages 5-14.

[10] Defendant's Motion for Summary Judgment and Brief filed October 18, 2004 (hereinafter "Defendant's Brief"), at pages 10-19.

1. **Standard of Review**

This Court's review of the ALJ's conclusions is limited. First, this case was remanded and "'[o]n the remand of a case after appeal, it is the duty of the lower court or the agency from which appeal is taken, to comply with the mandate of the court and to obey the directions therein without variation. . . .' Mefford v. Gardner, 383 F.2d 748, 758 (6th Cir.1967)." Davis v. Sec'y of Health and Human Servs., 634 F.Supp. 174, 178 (E.D. Mich. 1986). The findings of the ALJ regarding Plaintiff's disabled status are conclusive if supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g) (1997). Substantial evidence means such evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971). It is more than a scintilla of evidence, but less than a preponderance of evidence. Brainard v. Sec'y of Health and Human Servs., 889 F.2d 679, 681 (6th Cir. 1989).

This standard presupposes that there is a "zone of choice" within which the ALJ may make a decision without being reversed. Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994). Even if the court might arrive at a different conclusion, an administrative decision must be affirmed if it is supported by substantial evidence. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). Finally, consideration of the whole record does not mean that the ALJ must mention or comment on each piece of evidence submitted. Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998); see also Thacker v. Comm'r of Soc. Sec., 99 Fed.Appx. 661, 665 (6th Cir. 2004) (unpublished). Applying these standards, I will analyze each of Plaintiff's claims.

### a. Hypothetical

Plaintiff alleges "that the ALJ's hypothetical question failed to accurately describe [her] mental limitations in any meaningful manner."[11] The case was remanded for the exclusive purpose of including non-exertional limitations consistent with the ALJ's finding of "often" having difficulty regarding concentration, persistence, and pace. Specifically, the Report and Recommendation adopted by Judge Rosen stated that:

> ALJ Ransom's adverse decision was deprived of substantial evidentiary support at Step Five solely because of the failure to incorporate his non-exertional findings regarding Plaintiff's deficits of concentration, persistence and pace into the hypothetical posed to the VE. See Varley, 820 F.2d at 782. All other essential factual issues have been resolved. Plaintiff raises no other meritorious challenges. As such, to render his nondisability determination sustainable at Step Five, the ALJ need only incorporate his non-exertional findings into a hypothetical identical to the one he originally posed to the VE. Upon doing so, it is this Court's opinion that, based on the ALJ's findings through Step Four, the VE will almost certainly identify a substantial number of suitable unskilled light jobs that Plaintiff can perform.[12] See Hall v. Bowen, 837 F.2d 272, 275 (6th Cir. 1988) (held that 1,350 to 1,800 suitable jobs was a significant number under the Act). In other words, given that the proof of disability is far from overwhelming and that the ALJ's findings through Step Four are uncontradicted, there is no question that a grant of benefits would be wholly inappropriate at this time. Therefore, this case should be remanded to allow the ALJ to question the VE to determine whether or not a substantial number of suitable jobs exist when Plaintiff's exertional and non-exertional limitations are adequately accounted for at Step Five.[13]

(TR 421- 22). As stated above, "[o]n the remand of a case after appeal, it is the duty of the lower court or the agency from which appeal is taken, to comply with the mandate of the court and to obey

---

[11] Plaintiff's Brief at page 9.

[12] In fact, based on the types, numbers, and partial descriptions of the unskilled jobs identified by the VE at the administrative hearing, it is very possible that a VE on remand will indicate that one or more of those positions will sufficiently accommodate Plaintiff's non-exertional limitations.

[13] [Docket Entry No. 18].

the directions therein without variation. . . ." Davis, 634 F.Supp. at 178 (internal citation omitted).

Two months after the Report and Recommendation was issued and a month after Judge Duggan accepted and adopted same, the Sixth Circuit decided the case of Smith v. Halter, 307 F.3d 377 (6th Cir. 2001). In Smith, the ALJ also found that the Plaintiff "often" had difficulties concentrating on the PRTF that resulted in a failure to complete work in a timely manner. Id. at 379. The ALJ based his finding on the testimony of four physicians that found the plaintiff's concentration difficulties to be "minimal or negligible." Id. The ALJ rejected the opinion of the fifth physician who stated that the plaintiff could not work due to his "inability to concentrate." Id. The Court stated that the ALJ accurately characterized the plaintiff's limitations in that case, by "limiting him to jobs that are routine and low stress, and do not involve in tense interpersonal confrontations, high quotas, unprotected heights, or operation of heavy machinery." Id. at 378. Also, the Court found that the ALJ properly evaluated the plaintiff's mental impairments under Varley. Therefore, the Court found that because the ALJ incorporated both concentration difficulties and problems related to timely completion of tasks as a result, that the ALJ's decision was supported by substantial evidence.

It is recognized that an ALJ may rely on the testimony of a VE at the fifth step of the disability analysis to establish a significant number of jobs that are available for a person with claimant's limitations. See Felisky, 35 F.3d at 1035-36. The only requirement is that the testimony be "given in response to a hypothetical question that accurately describes the Plaintiff in all significant, relevant aspects." Id. at 1036. The question becomes whether the additional limitation of "simple and rote-type job tasks" sufficiently describes a claimant, who as the ALJ found here, "often" has difficulties with concentration, persistence or pace such that they are unable to complete

tasks in a timely manner.[14] (See TR 29, 142). In the Report and Recommendation issued by this Court previously, a prior case law discussion examined what a hypothetical regarding same should include:

> See i.e., Herriman v. Apfel, 2000 WL 246598, *3 (E.D. Mich. Feb. 11, 2000)(Honorable. Duggan, P. J.)(emphasizing on remand that the ALJ "should determine the effect upon the VE's [testimony of suitable jobs] if he or she were to consider the ALJ's finding that [claimant] often has deficiencies in concentration."); Newton v. Chater, 92 F.3d 688, 695 (8th Cir. 1996)(held ALJ's inclusion of hypothetical restriction to VE that claimant be limited to performance of "simple jobs" was not enough to accommodate for ALJ's PRTF finding that claimant "often" had deficiencies in concentration, persistence, or pace); Thomczek v. Comm'r. of Soc. Sec., 1996 WL 426247, *2-3 (E.D. Mich. Jan 5, 1996)(Hon. Cohn, A.)(finding that VE's "one reference to concentration problems" was insufficient to "cure" the ALJ's omission of PRTF finding that claimant "often" suffered deficiencies concentration); Zeff v. Shalala, 1994 WL 721464, *1-2 (10th Cir. Dec. 29, 1994)("Given that some level of concentration was necessary to perform all the jobs identified by the VE and that the ALJ found that [claimant] often experienced deficiencies in concentration, the ALJ should have solicited additional testimony from the VE as to whether and how the concentration deficiencies the ALJ found would affect [claimant's] ability to perform the jobs the VE identified."); but see i.e., Hollins v. Apfel, 2001 WL 322629, *5-6 (S.D. Ohio March 21, 2001)(held that "[r]egardless of the fact that the [ALJ's] PRTF characterized [claimant's] lapses in concentration as 'often,' and regardless of the definition that plaintiff's counsel chose to impose upon the term 'often[]'" on cross-examination of the VE, the ALJ's RFC assessment was supported by substantial record evidence and formed a "proper basis for the hypothetical posed[.]")(citations omitted); Smith-Felder v. Comm'r of Soc. Sec., 103 F.Supp.2d 1011, *1014 (E.D. Mich. 2000)(Hon. Rosen, G. E.)(finding that vocational accommodations of only "mild" stress and "simple one, two or three step operations[]" ... "properly comport[ed] with the evidence and findings of the ALJ as to Plaintiff's moderate limitations in concentration, social functioning, and tolerance of stress."); Brachtel v. Apfel, 132 F.3d 417, 421 (8th Cir. 1997)(ALJ's PRTF finding that claimant "often" had deficits in concentration and pace was sufficiently incorporated into VE's hypothetical where claimant was specifically limited to

---

[14]The undersigned notes that it is mentioned that the hypothetical did not include "simple and rote-type job tasks" in the original Report and Recommendation. (TR 420). However, that was not an instruction to the ALJ; rather, the recommendation was that "the ALJ need only incorporate his non-exertional findings into a hypothetical identical to the one he originally posed to the VE." (TR 422). It is the Sixth Circuit Court which has dictated under Smith v. Halter, what is required for such a hypothetical.

performance of simple repetitive work free of attention to detail and normal production requirements); Gieseking v. Sec. of Health & Human Servs., 1994 WL 228239, *7-8 (6th Cir. May 25, 1994)(ALJ's deviation from PRTF where the word "often" was used instead of the word "frequently" in hypothetical to VE was "meritless[,]" where ALJ's PRTF finding was "somewhat equivocal[,]" "the VE was aware of [claimant's] actual rate of production[,]" and "the VE was [] aware of the limitations to claimant's ability to concentrate and his pace.").

(TR 418-19). Additional recent case law also suggests that a simple and rote limitation is insufficient to support a limitation of "often" having difficulty in concentration, persistence, or pace for the purposes of establishing substantial evidence. In the present case, the ALJ stated that Plaintiff would not be precluded from performing "unskilled work which, by its very nature, involves simple and rote-type job tasks." (TR 20). However,

> Courts have found that hypotheticals limiting a worker to "unskilled work" have not been sufficient to accommodate certain psychological limitations. Newton v. Chater, 92 F.3d 688 (8th Cir.1996), held that a reference merely to "unskilled sedentary work" in a hypothetical question is insufficient to describe and accommodate concentration deficiencies; see also McGuire v. Apfel, 1999 WL 426035, at *15 (D.Or.1999). This Court in Bielat v. Comm'r of Soc. Sec., 267 F.Supp.2d 698 (E.D.Mich.2003) (quoting Andrews v. Comm'r of Soc. Sec., No. 00-75522 (E.D.Mich. December. 18, 2001)) and citing Thomczek v. Chater, 1996 WL 426247 (E.D.Mich.1996), has held that a hypothetical question including "unskilled sedentary work" plus the limitation of "jobs low at the emotional stress level" is not sufficient to accommodate a finding of a "marked" limitation in ability to concentrate or persist at tasks.

Eiseler v. Barnhart, 344 F.Supp.2d 1019, 1029 (E.D.Mich.,2004). Further, in Bielat, 267 F.Supp.2d at 702, the district court stated

> [i]n general, a reference to "unskilled, sedentary work" is not sufficient to describe deficiencies in concentration. See Newton v. Chater, 92 F.3d 688 (8th Cir.1996) (holding that a reference to "simple jobs" was insufficient to constitute inclusion of the impairments or deficiencies in concentration noted by the ALJ); McGuire v. Apfel, 1999 WL 426035 at *15 (D.Or.1999) (holding that "simple work" was insufficient to describe claimant's deficiencies in concentration, persistence, or pace resulting in failure to complete tasks in a timely manner). The Commissioner notes that unskilled work by definition involves little judgment to perform simple duties

11

that can be learned on the job in a short period of time. See 20 C.F.R. § 404.1568(a)(2001). As the magistrate judge argued, though, a job may fit that description and still require the ability to concentrate. Thus Bielat's ability to "learn, understand, remember, and perform simple, rote tasks on a sustained basis" is not necessarily enough to perform the sorts of jobs mentioned by the VE. For example, monitoring security cameras, a job the VE said could be performed by someone with the limitations in the hypothetical question, is unskilled (as it requires little judgment and may be learned in a short period of time), but if someone in that job could not concentrate and pay attention to the monitors, his performance would almost certainly be deficient.

Furthermore, even if "unskilled" and "low stress" did reflect an inability to concentrate, this Court has previously held that a hypothetical question that only includes "difficulties in concentration" is insufficient to describe someone who displays "deficiencies of concentration, persistence or pace resulting in failure to complete tasks in a timely manner ... often." Andrews v. Commissioner of Soc. Sec'y, No. 00-75522 (E.D.Mich. December. 18.2001); see also Thomczek v. Chater, 1996 WL 426247 (E.D.Mich.1996) (finding that a hypothetical question saying that the claimant was "incapable of concentrating and focusing" was insufficient when the claimant often suffered from deficiencies in concentration because it did not deal with the claimant's specific situation and did not discuss the impact of having concentration deficiencies). The question here did not even include a reference to difficulties in concentration, so it was even less reflective of Bielat's deficiencies than the hypothetical question deemed insufficient in Andrews.

Therefore, the ALJ did not properly assess Plaintiff's difficulties with concentration, persistence, or pace when he simply added the non-exertional limitation that claimant was restricted to "simple and rote-type tasks."[15] (TR 517). It is suggested upon remand that the ALJ incorporate both

---

[15] For example, the position of visual inspector requires a claimant to "attain[] precise set limits, tolerances, and standards." U.S. Department of Labor, DOT, 737.387-014, "Inspector I," (4th ed. 1991) available at Westlaw DICOT 737.387-014. In Smith v. Halter, 307 F.3d at 378, the ALJ satisfied this part of the limitation with a restriction of no "high quotas." Additionally, the VE stated that the visual inspection position would require a "certain amount of items to be inspected either per shipped, or per hour, or per day." (TR 510). Further, When the VE was asked to assume the original hypothetical along with "problems with concentration, persistence, or pace that resulted in failure to complete tasks in a timely manner that occurred more than 25 percent of the time in a normal workday or workweek," she stated that "it could possibly," particularly that of teacher's aide. (TR 514-16).

concentration difficulties and problems related to timely completion of tasks as a result under Smith v. Halter, 307 F.3d 377.

### b. Medical Assessment

Plaintiff alleges "that the ALJ's assessment was contrary to the consultative examiner as well as the opinion and assessment of Dr. Marshall."[16] However, as stated, the remand was solely for the purpose of including non-exertional limitations already found by the ALJ into the hypothetical to the VE. Any other issues are outside the scope of this remand under Davis, 634 F.Supp. at 178 (internal citation omitted).[17]

### 2. Remand Versus Benefits

The remaining issue is whether remand or an award of benefits is the appropriate remedy for Plaintiff. It is firmly established that under § 405(g), a court may remand for an award of benefits "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." Faucher v. Sec. of Health & Human Servs., 17 F.3d 171, 174 (6th Cir. 1994)(citations omitted). More specifically, "[a] judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." Id. (citing Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985)).

Unfortunately, the ALJ's adverse decision was deprived of substantial evidentiary support upon initial remand because the additional limitation of "simple and rote-type job tasks" was insufficient under Smith v. Halter, 307 F.3d 377. Therefore, this case should be remanded to allow

---

[16] Plaintiff's Brief at page 10.

[17] However, it is noted that the ALJ carefully reviewed the opinions and findings by both the consultative examiner, Dr. Cappone, and Dr. Marshall in his original decision. (TR 18-20).

the ALJ to properly include the limitations regarding difficulties with concentration, persistence, or pace that affect Plaintiff's ability to complete tasks in a timely manner.

### III. CONCLUSION

For the reasons stated, I recommend that the Court **GRANT** Plaintiff's Motion for Summary Judgment **IN PART**, **DENY** Defendant's Motion for Summary Judgment, and **REMAND** this case for proceedings consistent with this Report.

Pursuant to Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of the recommendation they may serve and file specific, written objection within ten days after being served with a copy thereof. The parties are further informed that failure to timely file objections may constitute a waiver of any further right of appeal to the United States Court of Appeals. United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

In accordance with the provisions of Fed.R.Civ.P. 6(b), the court in its discretion, may enlarge the period of time in which to file objections to this report.

Dated: **JUN 2 2 2005**

WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

## CERTIFICATION OF SERVICE

UNITED STATES OF AMERICA )
) ss  Case No.: 04-CV-72105-DT
EASTERN DISTRICT OF MICHIGAN )

**FILED**

U.S. DIST. COURT CLERK
EAST DIST. MICH.
FLINT

2005 JUN 22 P 3: 27

I, the undersigned, hereby certify that I have on the 22nd day of June 2005, mailed a copy of the "Report and Recommendation," in the foregoing cause, pursuant to Rule 77(Davenport), Fed.R.Civ.P., to the following:

Honorable Gerald E. Rosen
United States District Judge
231 W. Lafayette, Room 802
Detroit, Michigan 48226

Janet L. Parker
Assistant United States Attorney
101 First Street, Suite 200
Bay City, Michigan 48708

Kenneth F. Laritz
15501 Metropolitan Parkway
Suite 100
Clinton Twp., Michigan 48036-1684

Social Security Administration
Office of the Regional Counsel
200 W. Adams Street, 30th Floor
Chicago, Illinois 60606

Marsha Heinonen
Deputy Clerk