UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENISE BOHN-MORTON,
          Plaintiff,

                                         Case No. 04-72105
v.                                    Hon. Gerald E. Rosen
                                         Magistrate Judge Wallace Capel, Jr.

COMMISSIONER OF
SOCIAL SECURITY,
          Defendant.
_____/

OPINION AND ORDER REGARDING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     September 27, 2005    

PRESENT:  Honorable Gerald E. Rosen
                  United States District Judge

On June 22, 2005, Magistrate Judge Wallace Capel, Jr. issued a Report and

Recommendation ("R & R") recommending that the Court grant in part Plaintiff Denise

Bohn-Morton's Motion for Summary Judgment, deny the Defendant Commissioner of

Social Security's Motion for Summary Judgment, and remand this case for further

administrative proceedings.  Defendant filed objections to the R & R on July 7, 2005, and

Plaintiff filed a response to these objections on July 14, 2005.  The Court has now

reviewed the parties' motions, the R & R, Defendant's objections, Plaintiff's response,

and the other materials in the record.  For the reasons discussed briefly below, the Court

finds Defendant's objections well-taken, and concludes that its summary judgment

motion should be granted and Plaintiff's motion denied.

As observed in the R & R, this case has returned to this Court following a prior remand for further administrative proceedings.  In an earlier round of judicial proceedings, the Court determined that the questioning of the vocational expert ("VE") by the Administrative Law Judge ("ALJ") did not properly incorporate the ALJ's findings regarding Plaintiff's non-exertional limitations.  Rather, the ALJ's hypothetical questioning of the VE included only exertional limitations, with the ALJ then reasoning in his decision that a general limitation to "unskilled" work would sufficiently ensure that Plaintiff would be able to perform the jobs identified in the VE's testimony notwithstanding her non-exertional limitations.  (See Admin. Record at 20.)  The Court held that this was error, reasoning that the ALJ's generalized limitation to unskilled work did not adequately incorporate the specific non-exertional limitations that necessarily must have existed in light of the ALJ's determination that Plaintiff "often" suffered from a deficiency of concentration, persistence, or pace.  Accordingly, the case was remanded so that the ALJ could further question the VE in a manner that properly encompassed all of Plaintiff's limitations, exertional and non-exertional alike.

Consequently, the question before this Court is whether the ALJ properly heeded this instruction on remand.[1]  The Magistrate Judge recommends that this question be

---

[1]In addition to addressing this issue, Plaintiff also seeks to challenge the ALJ's assessment of her non-exertional limitations as purportedly contrary to the findings of certain physicians.  Yet, as observed in the R & R, this challenge is beyond the scope of this case upon its return from the Defendant Commissioner.  (See R & R at 13.)  Rather, this argument was extensively addressed (and rejected) in the prior round of judicial proceedings, (see Admin.

answered in the negative, observing that the sole additional limitation incorporated into

the ALJ's hypothetical questioning of the VE upon remand was a limitation to "simple

and rote type job tasks." (Admin. Record at 385.) The Magistrate Judge reasons that this

limitation did not properly "incorporate both concentration difficulties and problems

related to timely completion of tasks as a result," (R & R at 13), as purportedly required

under the Sixth Circuit's decision in Smith v. Halter, 307 F.3d 377 (6th Cir. 2001).

The Court agrees with Defendant that the R & R rests upon an unduly rigid

reading of the ruling in Smith. In that case, as here, the ALJ determined that the claimant,

Daniel Smith, "often" suffered deficiencies in concentration, persistence or pace. See

Smith, 307 F.3d at 378. In subsequent questioning of the VE, the ALJ "characterized

[Smith's] mental impairment as limiting him to jobs that are routine and low stress, and

do not involve intense interpersonal confrontations, high quotas, unprotected heights, or

operation of dangerous machinery." 307 F.3d at 378. Smith argued that this questioning

should have explicitly incorporated the ALJ's finding that he "'often' suffers deficiencies

in concentration, persistence, or pace resulting in failure to complete tasks in a timely

manner," but the Court disagreed:

> The ALJ's "finding" Smith relies on here — that Smith "often" has
> problems concentrating that preclude him from completing tasks on time —
> was a single box the ALJ checked in a 1-5 rating scale on a standard
> psychiatric assessment form. But the ALJ went beyond this simple

---

Record at 406-15), and Plaintiff raised no objections to this aspect (or any other) of the
Magistrate Judge's report and recommendation in the prior suit, (see id. at 426). Thus, the Court
views this issue as no longer open to further litigation.

3

> frequency assessment to develop a complete and accurate assessment of
> Smith's mental impairment . . . .  In particular, the ALJ relied on the
> testimony of four physicians who characterized Smith's concentration
> problems as minimal or negligible.  The ALJ then translated Smith's
> condition into the only concrete restrictions available to him — examining
> psychiatrist Schweid's recommended restrictions against quotas,
> complexity, stress, etc. — and duly incorporated them into his hypothetical
> to the vocational expert.

307 F.3d at 377.  Accordingly, the Court concluded that "the ALJ accurately

characterized Smith's impairments in his hypothetical to the vocational expert."  307 F.3d

at 377.

In so ruling, the Court distinguished various unpublished district court decisions.

The Court observed that, in two of these decisions, "the ALJs . . . appear to have made no

attempt to incorporate concentration difficulties in their instructions to the vocational

expert."  307 F.3d at 377.  In another, the court faulted the ALJ for imposing only a

limitation to "simple tasks," where the ALJ previously had determined "that

concentration problems might preclude timely completion of work."  307 F.3d at 380

(discussing McGuire v. Apfel, No. 98-1302-ST, 1999 WL 426035, at *15-*16 (D. Ore.

May 11, 1999)).  The Sixth Circuit reasoned that McGuire was distinguishable because

"[h]ere, the ALJ's restriction against jobs with quotas adequately addresses that

timeliness issue."  Smith, 307 F.3d at 380.

In recommending in this case that the ALJ's questioning should be deemed

deficient, the Magistrate Judge seemingly focuses on this last passage in the Smith

decision.  The ALJs in Smith and in this case checked the same box on a Psychiatric

Review Technique Form ("PRTF"), indicating that the claimants "often" suffered from deficiencies of concentration, persistence, or pace resulting in failure to complete tasks in a timely manner.  (See Admin. Record at 29.)  Yet, while the ALJ in Smith limited the claimant to positions that did not involve high quotas, the ALJ here did not explicitly incorporate a timeliness component into his questioning of the VE, but instead imposed a more general limitation to "simple and rote type job tasks."  (See id. at 385.)  Absent a specific reference to timely completion of tasks, the Magistrate Judge reasons that this questioning runs afoul of the ruling in Smith.

The Court agrees with Defendant that Smith does not mandate an explicit timeliness-related limitation whenever an ALJ makes a finding in a PRTF that a claimant "often" experiences deficiencies in concentration, persistence, or pace.  Initially, the Court notes its own prior decision that an ALJ properly incorporated findings of "moderate limitations in concentration, social functioning, and tolerance of stress" by restricting his questioning of a VE to "work involving only a 'mild' amount of stress and only 'simple one, two or three step operations.'" Smith-Felder v. Commissioner of Social Security, 103 F. Supp.2d 1011, 1014 (E.D. Mich. 2000).  While this decision pre-dates Smith, the Court does not view the Sixth Circuit's ruling as undermining either its reasoning or its result.  Rather, this Court reads its own Smith-Felder decision and the Sixth Circuit's ruling in Smith as resting upon the same longstanding principle — namely, that an ALJ's hypothetical questioning must "accurately set[] forth the plaintiff's physical and mental impairments."  Smith, 307 F.3d at 378 (citing Varley v. Secretary of

HHS, 820 F.2d 777, 779 (6th Cir. 1987)).

The ALJ's questioning here satisfied this standard.  Significantly, while the ALJ checked the "often" box on the PRTF, his more specific and detailed assessment of Plaintiff's mental limitations noted a dearth of objective medical findings or treatment records that would support a finding of a major impairment in this area.  (See Admin. Record at 18-20.)  Under this record, a set of restrictions need not have been especially extensive or detailed in order to adequately reflect Plaintiff's non-exertional limitations, and the ALJ reasonably could have determined that a limitation to "simple and rote" job tasks would be sufficient to address Plaintiff's moderate and occasional deficiencies in concentration, persistence, or pace.

As noted by Defendant, the five-point scale used in the PRTF encompasses a wide and variable continuum of symptoms and effects pertaining to concentration, persistence, *or* pace.  Thus, an individual who "often" experiences deficiencies in concentration alone, but not persistence or pace, might be unable to perform complex or detailed work, yet still be capable of carrying out simple and rote tasks.  Another individual in this same broad category, in contrast, might be more significantly limited as to the pace of work, so that she could perform even complex tasks so long as the quota was suitably low.

In the end, this Court reads Smith and the other pertinent precedents as dictating that the focus be on the ALJ's detailed assessment of a claimant's limitations, as opposed to the ALJ's broad characterization of the claimant's deficiencies on the five-point PRTF scale.  To be sure, all of the ALJ's findings, including those summarized on a PRTF, must

be harmonized and incorporated into the hypothetical questioning of the VE.  Yet, a

particular assessment on a PRTF does not mandate a rigid checklist of restrictions that

must be included in this questioning.  Rather, a case-by-case determination is required,

under which the ALJ must translate the broad PRTF classifications into a set of specific

limitations that are properly rooted in the administrative record.  Here, the Court finds

that the ALJ properly carried out this function upon remand, and that his resulting

decision should be affirmed as based upon substantial evidence.

      Accordingly, NOW, THEREFORE, IT IS HEREBY ORDERED that the

Magistrate Judge's June 22, 2005 Report and Recommendation is ADOPTED in part and

REJECTED in part, as set forth in this Opinion and Order.  IT IS FURTHER ORDERED,

for the reasons set forth above, that Plaintiff's Motion for Summary Judgment is

DENIED, and that Defendant's Motion for Summary Judgment is GRANTED.


Dated:  September 27, 2005          s/Gerald E. Rosen
                        Gerald E. Rosen
                        United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record
on September 27, 2005, by electronic and/or ordinary mail.

                    s/LaShawn R. Saulsberry
                    Case Manager